IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DIMITRIUS GEORGE GIBSON,**

     **Plaintiff,**

v.               No. 24-CV-230-JFH-JAR

**JOHNSON & JOHNSON, et al.,**

     **Defendants.**

### OPINION AND ORDER

Plaintiff Dimitrius George Gibson ("Gibson") is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his present facility and the "Holdenville facility." Dkt. No. 1. The defendants are Johnson & Johnson, located in Montgomery, Texas; the Oklahoma Department of Corrections ("ODOC"); Howard McLeod Medical Facility; Holdenville Correction Facility; and Howard McLeod Correctional Center. *Id.* at 3-4.

**I.**  **Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.     Improper Defendants

Gibson's complaint concerns the circumstances surrounding his receiving the COVID vaccine in July 2022 and the adverse effects he allegedly suffered. Dkt No. 1 at 5-6. He also alleges he has received improper medication at the McLeod facility. *Id.* at 6. He is seeking monetary damages. *Id.* at 7.

Gibson's claims arise under 42 U.S.C. § 1983, which states:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* (emphasis added). Gibson has not named any "persons" in his lawsuit. Instead, he has named Johnson & Johnson, the ODOC, and prison facilities.

The ODOC, a state agency, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." Oklahoma has not consented to be sued in

federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**III.    Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Gibson must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Gibson also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Gibson's constitutional rights and that Gibson is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Gibson also shall identify a specific constitutional basis for each claim. *See id*. Gibson must state specific dates and specific acts by the defendant(s). He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Gibson must go further and state how the named defendant's

4

personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the

5

amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Gibson a form for filing an amended complaint.

IT IS THEREFORE ORDERED that:

1. The Oklahoma Department of Corrections is dismissed as a defendant pursuant to the Eleventh Amendment.

2. Defendants Johnson & Johnson, Howard McLeod Medical Facility, Holdenville Correction Facility, and Howard McLeod Correctional Center are dismissed pursuant to 42 U.S.C. § 1983.

3. Within twenty-one (21) days, Gibson must file an amended civil rights complaint on the Court's form as directed in this Order.

4. Gibson's amended complaint must name "persons" as defendants.

5. The Court Clerk shall send Gibson a copy of the form for filing an amended civil rights complaint in this Court.

6. Failure to comply with this Order will result in dismissal of this action without further notice.

Dated this 2nd day of August 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE